**Mabel DURRETT, Appellant,**

v.

**WILLIAMS & MILLER FUNERAL HOME et al., Appellees.**

Court of Appeals of Kentucky.

Oct. 15, 1965.

Rehearing Denied March 25, 1966.

Morris Butler, Greensburg, Robert M. Spragens, Lebanon, for appellant.

Edward T. Ewen, Jr., Richard D. Remmers, Louisville, Shelby M. Howard, Hodgenville, for appellees.

WADDILL, Commissioner.

The Workmen's Compensation Board decided that the widow and children of Sam Durrett, who was killed in an accident on January 16, 1963, were not entitled to dependent benefits provided by our Compensation Act, KRS, Chapter 342. The decision and order of the Board was based upon a finding that Durrett was not working as an employee of the Williams & Miller Funeral Home at the time of his accident. The Larue Circuit Court upheld the Board's order and from that judgment Durrett's widow and children have appealed seeking reversal on the ground that the evidence conclusively shows that the accident causing Durrett's death arose out of and in the course of his employment with the funeral home. Hence, it is argued that the dependent widow and children of Durrett are entitled to an award of .compensation benefits.

The facts establish that R. T. Williams, and Roy Miller operate, as a partnership, a funeral home business under the name of

Williams & Miller Funeral Home, located at Hodgenville, Kentucky. This business was being operated under the provisions of the Workmen's Compensation Act of Kentucky at the time of Durrett's accident.

Williams and Miller also had developed a small subdivision known as Summitt Heights, wherein they had built eleven houses, one of which was occupied by a tenant who had failed to pay the rent. This business was not being operated under the Workmen's Compensation Act. When the tenant agreed to move, Miller sent Joe Puckett, a regular employee of the funeral home, to borrow a truck to help move the tenant's furniture. Miller asked Durrett to help Puckett perform this task, and, when these two found that they needed help, they picked up Sam Williamson. These three men proceeded in the borrowed truck to Summitt Heights, loaded the truck and started on the trip to haul the furniture of the former tenant to another house. During the course of this trip Durrett fell from the truck and sustained injuries that caused his death.

In behalf of appellant it is argued that, since Miller's testimony established that Durrett was engaged in moving a delinquent tenant from a house owned by Miller and his partner for the purpose of creating good will for their funeral home, Durrett was an employee of the funeral home at that time. The fallacy of this contention is that the Board, as a fact-finding agency was not so persuaded. Jones v. Commonwealth, Ky., 389 S.W.2d 927. In disposing of a similar contention in Lee v. International Harvester Company, Ky., 373 S.W.2d 418, we said:

"As a fact-finding agency the Board is in the same position as a jury, and the same rules apply. The claimant, bearing the burden of proof, 'has the risk of not persuading the Board in his favor.' Columbus Mining Co., v. Childers, Ky., 265 S.W.2d 443, 445 (1954). Standing alone, unimpeached, unexplained, and unrebutted, his evidence

may or may not be so persuasive that it would be clearly unreasonable for the Board not to be convinced by it. There are, therefore, some cases in which no evidence whatever is required in 'support' of a negative finding, and among them are those in which the claimant's evidence would justify a favorable finding but would not require one as a matter of law. In such instances the Board's finding is conclusive whether it be for or against."

While the Board would have been justified in deciding that Durrett was an employee of the funeral home, we are unwilling to say that the evidence in the case requires such a finding as a matter of law.

The judgment is affirmed.